**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **IN RE: AMY C. LOCKE,** | **CASE NO. 4:18-bk-10119 T/B** |
| Debtor | **CHAPTER 13** |
| | |
| **KATELYNN LOCKE** | **PLAINTIFF** |
| v. AP No. 4:19-ap-01005 | |
| **AMY C. LOCKE** | **DEFENDANT** |

## MOTION TO AMEND JUDGMENT

Comes now the Defendant, Amy C. Locke, by and through her attorneys, Danecki Law Firm, P.L.C., and respectfully moves the Court, pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60, to amend the Judgement entered on October 29, 2019 (Doc. # 73), and in support thereof states as follows:

1. That the Defendant filed a Chapter 13 petition under the U.S. Bankruptcy Code on January 10, 2018.

2. That on January 15, 2019, Plaintiff filed a Complaint to Determine Dischargeability of Debt and Objection to Discharge ("Complaint").

3. That the Complaint and pleadings thereafter were set for trial on October 9, 2019.

4. That on October 23, 2019, the Court granted the relief requested in Plaintiff's Complaint as to dischargeability under 11 U.S.C §§ 523(a)(2)(A) and (4) and denied as

to 11 U.S.C § 523(a)(6). The Court also denied the relief requested in Defendant's Counterclaim.

5. The Judgement reflecting the Court's decision was entered on October 29, 2019.

6. That since the Judgment was entered, Plaintiff and her counsel believe that the automatic stay has been lifted and that they have the permission of the Court to collect on Defendant while she is currently in bankruptcy.

7. Plaintiff issued a Writ of Garnishment ("Writ") to Defendant's employer on November 20, 2019.

8. That Defendant's employer cannot abide by the Order to Pay Trustee from her bankruptcy case and also Plaintiff's Writ, as the Writ contradicts the Order to Pay Trustee.

9. That the Plaintiff is of the belief that she can collect on Defendant while she is in bankruptcy because of ambiguous language in the Judgment, which states, "[t]he state court judgment for $19,066.93 . . . ,all for which execution may issue, . . . ."

10. The "execution" language above is ambiguous, possibly indicating that Plaintiff is granted relief from the automatic stay in Defendant's bankruptcy case.

11. Pursuant to Federal Rule of Bankruptcy Procedure 9024, making applicable Federal Rule of Civil Procedure 60(b)(6), relief from a judgment may be granted for any reason that justifies relief.

12. That the Judgment should be amended to remove the ambiguity by either:

    (a) removing the language, "all for which execution may issue";

    (b) providing supplemental language stating that the Plaintiff may not

collect while Defendant is in bankruptcy unless further ordered by this Court; or

(c) providing supplemental language that the automatic stay remains in effect while Defendant is in bankruptcy unless further ordered by this Court.

WHEREFORE, the Defendant prays that the Judgement entered on October 29, 2019 (Doc. # 73) be amended to remove ambiguous "execution" language or to clarify with language proposed above, and for all other proper and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Amanda R. Ray
Amanda R. Ray (2019078)
Robert R. Danecki (92105)
DANECKI LAW FIRM, P.L.C.
Attorneys for Debtor
P.O. Box 1938
Little Rock, AR 72203
(501) 371-0002

## **CERTIFICATE OF SERVICE**

I, Amanda R. Ray, do hereby certify that on November 27, 2019 a copy of the foregoing pleading was electronically transmitted or mailed by U.S. mail, postage prepaid, to:

Joyce Bradley Babin (ECF)
Chapter 13 Trustee

John Ogles (ECF)
Attorney for Plaintiff

Amy C. Locke

/s/ Amanda R. Ray
Amanda R. Ray